```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FARRAH GILOT,

                          Plaintiff,
                                                        MEMORANDUM AND ORDER
              v.                                        18-CV-3492 (WFK)

EQUIVITY C/O ID EXPERTS,

                          Defendant.
----------------------------------------------------------------x
```
**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 11, 2018, Plaintiff Farrah Gilot, filed an *in forma pauperis* action against Defendant Equivity and alleged jurisdiction pursuant to 28 U.S.C. § 1332. By memorandum and order dated June 21, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and granted Plaintiff thirty days leave from the date of the memorandum and order to submit an amended complaint. Plaintiff's amended complaint, filed on June 12, 2018, alleges jurisdiction pursuant to 28 U.S.C. § 1332, and asserts a violation of the Privacy Act, 5 U.S.C. § 552 (a). For the reasons that follow, the amended complaint is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and the Clerk of the Court is directed to mark this case closed.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).

1

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Further, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999) (Spatt, J.). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff asserts Defendant released her "personal information" to a third party without her consent, and the release of said information could potentially lead to the theft of her identity. Am. Compl. at 8, ECF No. 8. Plaintiff alleges Defendant violated her "constitutional [sic] amendment right to privacy under Justice Louis Brandel [sic] the right to be left alone." *Id.* at 5. She seeks $500,000.00 in monetary damages. *Id.* at 10.

In order to bring suit in a federal court, Plaintiff must establish that she has standing to pursue her claims under Article III of the United States Constitution. *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 449 (2d Cir. 2014). "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must

2

suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court." *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (citations omitted); *see also Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) ("[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm.").

Plaintiff's amended complaint asserts that due to an alleged data breach by Defendant, her personal information is at risk of being exposed. However, allegations of possible future injury do not satisfy the "injury-in-fact" requirement for Article III standing; a threatened injury must be certainly impending, and not purely speculative. *See Clapper v. Amnesty International USA*, 568 U.S. 398, 409 (2013) ("the threatened injury must be *certainly impending* to constitute injury in fact" and allegations of "*possible* future injury are not sufficient." (citation and internal quotations omitted)). Despite being given an opportunity to amend her complaint in order to plead factual allegations to demonstrate that there is a substantial risk of future harm, Plaintiff failed to do so. Instead, she once again reiterates that the alleged leak of her personal information may possibly lead to the theft of her identity. Thus, the likelihood that Plaintiff will suffer any harm remains entirely speculative. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (clarifying that a plaintiff can establish standing by demonstrating that the threatened injury is "certainly impending" or there is a "substantial risk" that the harm will occur); *Whalen v. Michaels Stores, Inc.*, 689 Fed. Appx. 89, 90-91 (2d Cir. 2017) (affirming dismissal for lack of standing where plaintiff's personal credit card information was stolen in a security breach finding that plaintiff alleged no injury that would satisfy the constitutional standing requirements); *Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 746 (S.D.N.Y.

2017) (Schofield, J.) (allegations of future harm establish injury in fact, as required for standing, as long as the future harm is certainly impending; by contrast, mere allegations of possible future injury are not sufficient).

Further, Plaintiff's claim that Defendant violated the Privacy Act of 1974, 5 U.S.C. § 552a, by disclosing personal information to third parties fails. "[T]he private right of civil action created by the Privacy Act is specifically limited to actions against agencies of the United States government" and not to private corporations. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam) (citing *Pennyfeather v. Tessler,* 431 F.3d 54, 56 (2d Cir. 2005)); *Cardona v. Cmty. Access, Inc.*, 11-CV-4129, 2013 WL 304519, at *8 n.12 (E.D.N.Y. Jan. 25, 2013) (Brodie, J.).

Finally, to the extent that Plaintiff could establish standing, she fails to meet the amount-in-controversy requirement of 28 U.S.C. § 1332. A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.00. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). According to the facts alleged in the amended complaint, complete diversity of citizenship exists between the parties, as Plaintiff is a citizen of Brooklyn, New York, while Defendant is alleged to be a citizen of Oregon. However, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must be non-speculative in order to satisfy the statute. *Baltazar v. Earth Ctr. of Maanu, Inc.*, 14-CV-3543, 2014 WL 3887717, at *2 (E.D.N.Y. July 11, 2014) (Vitaliano, J.). Further, whereas here, the

jurisdictional amount is met only by inclusion of a claim for punitive damages, such calculation must be considered with "heightened scrutiny." *Nwanza v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005); *Cohen v. Narragansett Bay Ins. Co.*, 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) (Chen, J.) ("[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citation omitted)).

Although Plaintiff seeks $500,000.00, in punitive damages, she fails to plead any plausible facts to suggest that the value of her claim exceeds $75,000.00. Plaintiff simply asserts the speculative claim that she may face the potential for an injury in the future. However, to date, she has not suffered any "injury-in-fact." *See Gilot v. Greyhound*, 18-CV-3074, 2018 WL 3093971, at *2 (E.D.N.Y. June 22, 2018) (Kuntz, J.) (noting that Plaintiff fails to allege any facts to show that she is entitled to punitive damages); *see also Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 268 (S.D.N.Y. 2017) (Gorenstein, J.) ("Because the complaint is devoid of allegations that meet the punitive damages standard, the potential for punitive damages may not be used to meet the diversity jurisdiction threshold.").

## CONCLUSION

Therefore, Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction, *see* Fed. R.Civ. P. 1(h)(3), and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Clerk of Court is directed to enter judgment and close the action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
      July 30, 2018